ON REHEARING
PER CURIAM.
Defendant-appellee Louisiana Tax Commission has applied for a rehearing in this matter and filed a supporting brief. We grant the application for rehearing for the limited purpose of issuing this opinion. We affirm our prior decision.
The Tax Commission does not question the opinion of this court that appellant proceeded correctly by attacking the contested assessment under the administrative procedure set forth in title 47, nor does the Commission still assert that appellant failed to file suit in the appropriate district court within thirty legal days of its adverse decision, as provided by LSA-R.S. 47:1998(A). Rather, the commission contends that appellant did not fulfill the requirements of LSA-R.S. 47:2110(E), the language of which is set forth in our original opinion, and that this court erred by concluding that appellant has fulfilled the requirements of section 2110(E).
Specifically, the Commission argues that appellant did not comply with section 2110(E) because it did not give notice of its suit “to the officer or officers designated for the collection of said taxes in [Lafayette Parish].” The Commission correctly asserts that the sheriff of Lafayette Parish, not the tax assessor, is the officer to whom notice “sufficient to cause said officer ... to further hold said amount segregated pending the outcome of the suit” must be provided. The assessor sets the amount of ad valorem taxes, but the office of the sheriff collects, holds, and disburses the actual assessed funds. Our original opinion indicates that it is the responsibility of the assessor to collect, hold, and disburse ad valorem taxes and, therefore, that the assessor is the “officer” to whom notice must be provided under section 2110(E).
Although we erroneously named the assessor as the party to be notified of a suit to recover assessed taxes, we find that the considerations set forth in our original opinion as sufficient notice under section 2110(E) to the assessor apply with equal force to the sheriff. The sheriff (not the assessor) received the checks marked “under protest,” which gave notice to the sheriff that appellant was contesting the assessment, even though payment “under protest” is not required to contest ad valo-rem assessments by the administrative procedure, see LSA-R.S. 47:1992, but instead is only necessary when suit is filed in district court, either after the pursuance of administrative remedies, see LSA-R.S. 47:1998(A) & (B), or when a direct lawsuit attacking the validity of an assessment is filed in district court. See LSA-R.S. 47:2110(A). Further, the sheriff and the assessor do not operate in totally separate, insular spheres in regard to the assessment and collection of ad valorem taxes. Both the sheriff and the assessor knew that appellant was contesting the assessment. It is unclear whether the sheriff, personally or through counsel, actually appeared before the administrative boards during that phase of appellant’s pursuit of its remedy; however, the sheriff of Lafayette Parish is clearly named and was served as a defendant in appellant’s timely-filed suit in district court. A close reading of section 2110(E) reveals that notice of this district court suit is the notice required by that statutory provision. What notice exists that is more “sufficient” than being named and personally served as a defendant in a lawsuit?
The statutes do not define “sufficient” notice for the purpose of meeting the requirements of section 2110(E). As the interpretative organ of the law, therefore, this court must decide whether the actions of appellant provided notice “sufficient to cause [the sheriff] to further hold said *239 amount segregated pending the outcome of the suit.” The Tax Commission’s application brief, in overall tenor, suggests that nothing short of a written message, hand-delivered to the sheriff once every month, stating that litigation or administrative proceedings are being undertaken to decide the validity of the assessment, would have sufficed. Neither the letter nor the spirit of the law imposes such an onerous requirement. Under the “direct action” of LSA-R.S. 47:2110(A), a contesting taxpayer must actually file suit within thirty days after payment by check marked “under protest” or some other form of notice of protest to the collecting officer. If suit is not filed within thirty days, then the collecting authority is authorized to merge the protested funds with general revenues, because suit has prescribed. There is no analogous or even similar rule of a thirty-day effective period for notice when the taxpayer pursues his remedy through the lengthier administrative process; the arguments of the Commission to the contrary should be addressed to the legislature, not the courts.
We find that the actions of appellant were sufficient to notify (and actually did notify) the sheriff that appellant was contesting its tax liability.
The Commission states that the sheriff has merged appellant’s contested funds with general revenues, and that such funds have at least lost their separate identity if they have not, in fact, been disbursed. The Commission therefore argues that this case is moot, that appellant may not recover any portion of its paid ad valorem taxes in any event. Again, we stress that if the assessed funds paid by appellant were merged with general revenues, then the collecting authority has only itself to blame for this error. Such a mistake by the collecting authority cannot preclude appellant’s recovery, if appellant prevails in its cause after further pursuance of this matter.
Our original opinion in this case is correct in its result. The reversal and remand entailed by that opinion is affirmed.